**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

JUN 15 2015



MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| VU NGUYEN, an individual, | No. 13-55737 |
| Plaintiff - Appellant, | D.C. No. 5:12-cv-00098-GW-DTB |
| v. | |
| AURORA LOAN SERVICES, LLC, | MEMORANDUM[*] |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the Central District of California
George H. Wu, District Judge, Presiding

Submitted June 2, 2015[**]
Pasadena, California

Before: M. SMITH and N.R. SMITH, Circuit Judges and LAMBERTH,[***] Senior
District Judge.

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[***]    The Honorable Royce C. Lamberth, Senior District Judge for the U.S.
District Court for the District of Columbia, sitting by designation.

Vu Nguyen appeals the district court's grant of summary judgment in favor of Aurora Loan Services, LLC, in Nguyen's diversity action, alleging negligence, wrongful foreclosure, and other causes of action arising from the non-judicial foreclosure of Nguyen's property. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

1.     The district court properly granted summary judgment to Aurora on Nguyen's breach of the covenant of good faith and fair dealing claim. Nguyen argued Aurora breached the covenant of good faith and fair dealing by failing to "work with him" to modify his loan after the expiration of the Workout Agreement. However, Nguyen failed to identify any express contract term obligating Aurora to offer him another loan modification at the expiration of the Workout Agreement. Although the Workout Agreement stated that, at its conclusion, Aurora *may* offer Nguyen another loan workout option, it did not obligate Aurora to do so. *See Racine & Laramie, Ltd. v. Dep't of Parks & Recreation*, 14 Cal. Rptr. 2d 335, 339 (Ct. App. 1992) ("If there exists a contractual relationship between the parties, . . . the implied covenant is limited to assuring compliance with the express terms of the contract, and cannot be extended to create obligations not contemplated in the contact.")

Nguyen also failed to plead facts demonstrating that Aurora had an implied duty to work with him to identify and implement a foreclosure prevention alternative. Nguyen's Workout Agreement was a commercial, in-house agreement offered by Aurora. It was not a forbearance agreement offered pursuant to the Fannie Mae HomeSaver program or a temporary payment plan ("TPP") agreement under the Home Affordable Modification Program ("HAMP"). *Lueras v. BAC Home Loans Servicing, LP*, 163 Cal. Rptr. 3d 804, 825-27 (Ct. App. 2013). Because Nguyen's Workout Agreement was not offered as part of any federal loss mitigation program, Aurora had no implied duty to comply with the HAMP United States Treasury directives. *See id*.

2. The district court did not err in dismissing Nguyen's breach of contract and promissory estoppel claims. First, Nguyen cannot plead a plausible breach of contract claim, because it was Nguyen (not Aurora) who breached the Workout Agreement by failing to make timely payments. Second, Nguyen fails to plead facts demonstrating a clear and unambiguous promise by Aurora to offer Nguyen a loan modification that would prevent foreclosure. *See US Ecology, Inc. v. State*, 28 Cal. Rptr. 3d 894, 905 (Ct. App. 2005) (citing *Laks v. Coast Fed. Sav. & Loan Ass'n.*, 131 Cal. Rptr. 836, 839 (Ct. App. 1976)).

3. The district court did not err in entering summary judgment on Nguyen's claim for a violation of 15 U.S.C. § 1639f. Nguyen's claim fails as a matter of law, because the statute did not go into effect until January 21, 2013, after Aurora's alleged wrongful acts. *See* Mortgage Reform and Anti-Predatory Lending Act, Pub. L. No. 111-203, 124 Stat. 2136 (2010). No party suggested the statute applied retroactively.

4. Nguyen failed to plead a plausible cause of action for a violation of the California Business and Professions Code § 17200 ("UCL"). First, Nguyen failed to plead facts demonstrating that Aurora unfairly or deceptively placed his payments into a suspense account. Rather, pursuant to the Workout Agreement, Nguyen specifically and expressly authorized Aurora to hold his partial payments in a suspense account. Additionally, there is no evidence in the record demonstrating that any late fees were the result of Aurora's alleged misapplication of his payments rather than Nguyen's own failure to timely pay the loan amounts due.

Second, Nguyen's UCL violation claims, based on the alleged use of robo-signers and the unfair or deceptive use of the Mortgage Electronic Registration Systems, Inc. ("MERS") fail, because Nguyen did not have standing to contest the alleged fraudulent transfer of his deed of trust. *See Fontenot v. Wells Fargo Bank,*

4

*N.A.*, 129 Cal. Rptr. 3d 467, 481 (Ct. App. 2011) (explaining that even "if MERS lacked authority to transfer the note, it [was] difficult to conceive how plaintiff was prejudiced by [the alleged defective assignment] . . . [b]ecause a promissory note is a negotiable instrument [and] a borrower must anticipate it can and might be transferred to another creditor . . . without changing [plaintiff's] obligations under the note"); *Herrera v. Fed. Nat. Mortg. Ass'n*, 141 Cal. Rptr. 3d 326, 333 (Ct. App. 2012) (reiterating that California's foreclosure statutes authorizing a "trustee, mortgagee, or beneficiary, or an agent of any of them [to] initiate foreclosure, [do] not include a requirement that an agent demonstrate authorization by its principal").

5.     The district court properly declined to grant Nguyen's request to amend his complaint for a third time.  Nguyen did not demonstrate how he would cure the defects if leave were granted.  *See Lipton v. Pathogenesis Corp.*, 284 F.3d 1027, 1039 (9th Cir.2002).

       **AFFIRMED**.